SANDERS, Justice
(dissenting).
While I agree with the majority opinion in this case as to the rule of law to be applied-in regard to the discontinuance of an agency station, I cannot agree that the order of the Public Service Commission, denying the application of Illinois Central Railroad Company for closure of its agency station at Tickfaw, should be annulled.
From my appreciation of the evidence, there is no sound basis for the conclusion in the majority opinion that the Tickfaw station has shown “a steady decline over a period of years * * * [and] that the railroad is experiencing an increasing loss in [its] operation.” Apparently this conclusion is based solely upon the calculation of losses for the years 1957 and 1958, which are $2,884.47 and $3,036.96, respectively. It does not take into consideration the losses for the years 1954 and 1955, which are $7,300 and $7,027, respectively, when calculated on the 50% formula. The latter figures appear in the previous suit brought by the Illinois Central Railroad seeking discontinuance of this station, the record of which was introduced in evidence. Of consequence herein, also, is the evidence that the direct station expenses do not exceed $5,083.51 per year; and that for the portion of the year 1959 preceding the hearing, the business of this station was increasing. Between the years 1957 and 1958, the total revenue of the railroad declined 8'/£% while the revenue of the Tickfaw station dropped only 3%. I submit that in this case two years is too short a period on which to base a closure, when the evidence is clear that both years were bad crop years for strawberries, the principal item for shipment.
In addition, it is my opinion that the discontinuance of the station at Tickfaw will seriously affect the public convenience and necessity. It is a well-known fact that strawberry production constitutes an important segment of Louisiana agriculture. In 1959, the strawberry acreage in Louisiana was estimated at 8,300 acres. In that year, 858 cars of berries were shipped by public carrier having a gross value in excess of $3,000,000. State Market News Service, Louisiana Department of Agriculture and Immigration, June, 1959. Tickfaw is located in the heart of the strawberry belt. During the last two decades, the production of strawberries per acre has been substantially increased. Louisiana, Its *784 History, People, Government and Economy, Louisiana Legislative Council, 1955, p. 165. This station serves, in addition to others, approximately 600 strawberry shippers including many small ones shipping from one to fifty crates. These small shippers are local farmers who testified that the services of the station agent are frequently needed in connection with icing and reicing of the produce cars as well as in making out bills of lading. Since strawberries are of a highly perishable nature, it is necessary that every facility be provided for immediate and convenient shipment. Hence the discontinuance of the station at Tickfaw, in my opinion, will adversely and substantially affect the public convenience and necessity.
The judgment of the Louisiana Public Service Commission should not be overturned unless it is arbitrary, capricious, or discriminatory. It should be upheld unless there is a clear showing of abuse of discretion. Burke v. Louisiana Public Service Comm., 215 La. 451, 40 So.2d 916; Illinois Central R. Co. v. Louisiana Public Service Comm., 224 La. 279, 69 So.2d 43. I do not find that the Commission has abused its discretion in this case.
I respectfully dissent from the decree affirming the judgment of the district court, which annuls the order of the Louisiana Public Service Commission. In my opinion, the order of the Commission should be sustained.